IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                                  PLAINTIFF

v.                                    CASE NO. 4:13-CR-00197-BSM-4

YOUSEF QATTOUM                                                                            DEFENDANT

## ORDER

Yousef Qattoum's motion for compassionate release [Doc. No. 506] is denied because he has not shown extraordinary and compelling reasons to justify early release, and because he would pose a flight risk if released from prison. *See, e.g.*, *United States v. Ram*, 2020 WL 3100837, at *2–3 (E.D. Ark. June 11, 2020).

Qattoum pled guilty to the following two counts: conspiracy to distribute and possession with intent to distribute controlled substances and conspiracy to commit money laundering. Doc. No. 412. He was sentenced to 121 months of imprisonment on each count, with the sentences running concurrently. *Id*. He moves for compassionate early release, pursuant to 18 U.S.C. § 3582(c)(1)(A), which requires consideration of the sentencing factors enumerated by 18 U.S.C. § 3553.

Qattoum contends that he has medical conditions that are "extraordinary and compelling" and warrant compassionate early release. Mot. Compassionate Release at 1–2, Doc. No. 506. Qattoum suffers from asthma, lung disease, and type-2 diabetes, and in May 2020, he tested positive for COVID-19. *Id*. at 2. A doctor has advised Qattoum that if he contracts COVID-19 a second time that "he may not survive it." *Id*. Qattoum is also seeking

compassionate release so that he can serve as the primary caretaker for his minor children, who he claims were under the care of his mother until October 22 when she passed away from coronavirus. *Id*. at 1. Qattoum argues that his father is not capable of caring for the children, as he recently underwent open heart surgery and cannot walk. *Id*. Qattoum states that the warden of the North Lake Correctional Facility, where Qattoum is serving his 121-month sentence, has agreed that he be referred for time served; Qattoum asks to be given time served or alternatively be allowed to complete his sentence under home confinement. *Id.* at 2.

The government objects to the motion because Qattoum is subject to an ICE detainer, presents a substantial flight risk if he were to be released, and may have misrepresented his family circumstances in his motion. Resp. Mot. Release at 5–7, Doc. No. 507. Although Qattoum states that his mother was the caregiver for his children, his pre-sentence investigation report (PSR) indicates that the children were living with his ex-wife. *Id*. at 6. Qattoum's medical records also state that the children were living with his ex-wife. *Id*. Furthermore, at the time his PSR was prepared, Qattoum was married with two children who resided in Arkansas, yet Qattoum failed to mention those children in his motion. *Id*. The government argues that even if he were granted compassionate release, Qattoum would immediately be taken into custody because of the ICE detainer. *Id*. at 7. Finally, the government argues that, even if ICE does not take Qattoum into custody, he would most likely violate the terms of release, as shown by his attempt to flee to Jordan while on pre-trial release. Resp. Mot. Release at 7; *see* Mot. Revoke ¶¶ 2–4, Doc. No. 261.

IT IS SO ORDERED, this 21st day of December, 2020.

                                                          UNITED STATES DISTRICT JUDGE